**A–PLUS ROOFING, INC., Petitioner,**

v.

**U.S. IMMIGRATION AND NATURALIZATION SERVICE; United States of America, Respondents.**

No. 90–70547.

United States Court of Appeals, Ninth Circuit.

Submitted to Motions Panel March 20, 1991.*

Decided March 28, 1991.

Matthew L. Aronica, San Francisco, Cal., for petitioner.

Stuart M. Gerson, Robert Kendall, Jr., and Karen Fletcher Torstenson, U.S. Dept. of Justice, Washington, D.C., for respondents.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Before PREGERSON, ALARCON and WIGGINS, Circuit Judges.

### ORDER

A–Plus Roofing, Inc. has petitioned for review of an administrative law judge's (ALJ) order imposing sanctions under the Immigration and Nationality Act, 8 U.S.C. § 1324a. Respondent Immigration and Naturalization Service moves to dismiss the appeal for lack of jurisdiction, arguing that the petitioner failed to file the petition within 45 days of the final order as required by 8 U.S.C. § 1324a(e)(8).

The relevant sections of the statute read as follows, in pertinent part:

> The decision and order of an administrative law judge shall become the final agency decision and order of the Attorney General unless, within 30 days, the Attorney General modifies or vacates the decision and order, in which case the decision and order of the Attorney General shall become a final order under this subsection. . . .

> A person or entity adversely affected by a final order respecting an assessment may, within 45 days after the date of the final order is issued, file a petition in the Court of Appeals for the appropriate circuit for review of the order.

8 U.S.C. § 1324a(e)(7) and (8).

The ALJ's order in this case was filed on July 27, 1990. The petition for review was filed on October 11, 1990. Petitioner claims that the ALJ's order did not "become final" pursuant to 8 U.S.C. § 1324a(e)(7) until August 27, 1990, 30 days after it was filed.[1] Petitioner contends that the petition was timely because it was filed within 45 days of the date the order became final.

Both the statute and the regulation interpreting it (28 C.F.R. § 68.51) indicate that the ALJ's order "becomes final" after 30 days have passed if no further objection is made at the agency level, and that review

---

1. Because the thirtieth day fell on a Sunday, the order became final on the following Monday, August 27.

may be sought within 45 days after the final order is "issued." Although there is some ambiguity created by the use of these two terms, we construe the statute to mean that the ALJ's order does not "become final" until 30 days after it is filed, and that petitioner has 45 days from that date to file for review under § 1324a(e)(8).

Respondent's motion to dismiss for lack of jurisdiction is denied. The briefing schedule set out in this court's March 6, 1991 order shall remain in effect.